In the District Court of Wyandotte County, Kansas
Limited Actions

Matthew Kalebaugh,

                        Plaintiff,

vs.

Cohen McNeile & Pappas PC

                        Defendant.

Case Number: 14LM2209

Division: 12

FILED 2014 MAY -1 PM 3:20
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
DEPUTY

6/2/14 @ 9AM

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant is a Kansas corporation.

3. At all times relevant hereto, Defendant was and is engaged in the business of collecting consumer debt, all within Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §1692k(d).

5. On or about June 7, 2013, Defendant mailed a collection letter to Plaintiff in an attempt to collect a consumer debt.

6. A copy of the letter is attached hereto as Exhibit A and incorporated by reference.

7. The pertinent part of the letter reads as follows:

> This communication is from a debt collector **and is** an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Further, upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor. We may proceed with suit against you without waiting the 30 days if so requested by our client.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff, and as for Count I against Defendant, states and alleges as follows:

8. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

9. This is an action for damages brought by an individual consumer for Plaintiff's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

10. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3) of the FDCPA.

11. The principal purpose of Defendant is the collection of consumer debts using the mails and telephone, and Plaintiff regularly attempts to collect debts alleged to be due another.

12. Defendant is a debt collector as defined by 15 U.S.C. §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or

by taking of assignment of a debt already declared to be in default by the originating creditor.

13. The Defendant was attempting to collect a consumer debt as defined by 15 U.S.C. §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

### The G Notice Violation

15. The above-described actions of Defendant violated section 15 U.S.C. §1692g of the FDCPA which states that within five days after the initial communication a debt collector shall send the consumer a written notice containing the following:

> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. Subsection (b) of 15 U.S.C. §1692g states as follows:

(b) If the consumer notifies the debt collector **in writing** within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

17. Defendant also overshadows the 15 U.S.C. §1692g notices with the following statement, which was inserted in the middle of its modified 15 U.S.C. §1692g notice: "We may proceed with suit against you without waiting the 30 days, if so requested by our client."

18. To avoid liability under 15 U.S.C. §1692, a debt collection letter must sufficiently explain any statements that contradict or confuse the required validation notice. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998) (holding a dunning letter which provided the thirty day dispute and validation notice but also demanded immediate payment was contradictory and in violation of the FDCPA without explanatory transitional language); *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997) (holding a dunning letter that threatened suit within one week, but also disclosed

4

the debtor's right to contest the debt within thirty days, was confusing without explanation, and therefore in violation of the FDCPA).

19. Because Defendant failed to explain any contradictions between the potential immediate threat of litigation and the debtor's 30-day rights overshadowed the 15 U.S.C. §1692g notices and therefore violated the FDCPA. *Dunn v. Derrick E. McGavic, P.C.*, 653 F.Supp.2d 1109 (D. Or. 2009).

20. The above-described acts are misleading to the least sophisticated consumer.

21. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff, and as for Count II against Defendant, states and alleges as follows:

23.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

24.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

25.     Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

26.     The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

27.     K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

28.     K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which in pertinent part are as follows:

(b)     Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:

(1)     Representations made knowingly or with reason to know that: (B) the supplier has a ... status ... that the supplier does not have;

(3)     the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact ... [.]

(8) falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer ... obligations.

29.     The misstatement of the consumer's right to dispute and the obligations arising therefrom violated K.S.A §50-626.

30. Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

31. In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

32. PRA's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

33. By virtue of the actions of PRA, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

34. PRA's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

35. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

36. Because of Defendant's deceptive acts, Plaintiff is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

37. Pursuant to K.S.A. §50-636, Plaintiff is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

7

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a. Issue a declaratory judgment that Defendant has violated the Kansas Consumer Protection Act pursuant to K.S.A. §50-634(a)(1);

b. Award actual damages and restitution to Plaintiff;

c. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

d. Issue an injunction against Defendant precluding it from continuing the above-described conduct pursuant to K.S.A. §50-634(a)(2);

e. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

f. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Attorneys for the Defendant

By: _____
A.J. STECKLEIN # 16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: consumerlegalclinic@gmail.com

LAW OFFICES OF

# COHEN MCNEILE & PAPPAS P.C.

4601 College Boulevard, Suite 200 • Leawood Executive Centre • Leawood, KS 66211-1650 • (913) 469-2958 • Fax (913) 491-9318
1-877-811-2677

CLIFFORD A. COHEN
JAMES M. MCNEILE
GREGORY J. PAPPAS
SUSAN P. DECOURSEY
RICK MILONE
REBECCA KATZ**
DUSTIN J. STILES
AUSTIN HAYDEN

June 7, 2013

(OF COUNSEL)
EDWARD A. GILKERSON'
JACK PEGGS*

*ADMITTED IN KANSAS ONLY
**ADMITTED IN MISSOURI ONLY
ALL OTHERS ADMITTED IN
MISSOURI AND KANSAS
' ALSO ADMITTED IN ILLINOIS

MATTHEW C KALEBAUGH
835 N 83rd Dr
Kansas City, Kansas  66112-1915

RE:   Matthew C Kalebaugh's
      Account balance with
      Discover Bank
      BALANCE: $10,584.77

Dear MATTHEW C KALEBAUGH:

   This is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Card account. We are hereby making demand upon you to contact us for payment of this debt. If you are on active duty in the military, please provide us with written documentation to that effect.

   This communication is from a debt collector **and is** an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Further, upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor. We may proceed with suit against you without waiting the 30 days if so requested by our client.

                                        Sincerely,
                                        COHEN MCNEILE & PAPPAS P.C.

                                        James McNeile
                                        (913) 469-2958

DVV 13-05982-0 CORRESP.                                    XXXXXXXXXXXX0751

PLAINTIFF'S
EXHIBIT
A